WIDENER, Circuit Judge,
concurring and dissenting:
While I concur in most of the reasoning of the majority opinion and with some of the results obtained, I respectfully dissent to its holding that the State of Maryland could litigate with respect to the individual claims on behalf of the numerous people whom Edmond is claimed to have defrauded without treating that litigation as a class action under Rule 23.
I.
The majority decision correctly states that the bankruptcy court did not give pre-clusive effect to the administrative judgment rendered against Edmond. Op. at 1306, n. 1. The bankruptcy court held that *1314 it was “ ... unable to find based upon the record that the proposed findings are a final decision of an administrative agency and, therefore, entitled to the issue preclusion described in U.S. v. Utah Construction & Mining Co., 384 U.S. 394, 422 [86 S.Ct. 1545, 1560, 16 L.Ed.2d 642] (1966).” The way I construe the action of the bankruptcy court and the district court is that the matter was tried in the bankruptcy court as if it were a proceeding by the State of Maryland in an administrative proceeding. While this does not radically alter the result I would obtain, it makes stronger my argument that the bankruptcy court as well as the district court erred in not considering class action treatment for the individual claims of those whom Edmond is claimed to have defrauded. Since this adversary action in the bankruptcy court is in the nature of an original proceeding, there is less reason not to follow Rule 23 than if, in truth, an enforceable administrative judgment had been rendered.
The State of Maryland has not obtained any kind of judgment in favor of Maryland in this proceeding. While the complaint in the adversary proceeding asked for that relief, the only order of the bankruptcy court with any effect on the merits of this case is its order entered on October 19, 1988. That order only holds that “... the following debts of John Edmond, the debt- or/defendant, are nondischargeable: ... [all claims arising after October 1, 1985, as set forth specifically in an attachment and eleven additional individual claims].” So the only proper subject of this litigation is whether the claims could have been held to be nondischargeable, not whether the State of Maryland was entitled to a judgment in its own behalf, for in all events, Maryland does not have such a judgment.
II.
For the moment, I do not contest the conclusion of the majority that the Maryland Consumer Protection Act permits the State to proceed as parens patriae in a proper case, and do not contest the State’s right to enforce any judgment it may obtain in its own name under that Act.
What I do disagree with is affirming the holding of the bankruptcy and district courts which held that all of the numerous individual claims are not dischargeable without any inquiry as to whether those claims should have been subject to class action treatment under Rule 23.
As the majority takes pains to point out at pages 1311 and 1312 of its opinion, a Consumer Protection Act remedy through the office of the Attorney General of Maryland is separate and in addition to a private right of action. Yet the holding of the district court which we affirm explicitly provides that these private rights of action are nondischargeable without treating them as being subject to a class action.
It is enough that the State of Maryland vindicates any rights the State may have under its Consumer Protection Act; we go too far when we permit the State to litigate on behalf of a class without even an elementary compliance with Rule 23.
While the subject of whether or not the State is a proper class representative under Rule 23 has not been discussed, for the moment I would assume that it is. I would vacate the holding of the district court as it affects the individual claims, and would remand the case to ascertain whether or not the State is such a proper class representative and, if so, the validity of its contention that the class action question can be litigated after liability is determined, or presently. Depending on the answer to these questions, the judgment of the district court should be made to accord.